IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-79,301-01






EX PARTE JUAN RAMON ESPARZA, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 09-08-00073CRF IN THE 81ST DISTRICT COURT


FROM FRIO COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to 
possession with intent to deliver a controlled substance, and was sentenced to twenty-five years'
imprisonment. He did not appeal his conviction.

 Applicant contends, inter alia (1), that his trial counsel rendered ineffective assistance because 
counsel assured Applicant up until the date of trial that he would receive probation, but then allowed
Applicant to enter an open plea of guilty without an awareness of the nature and consequences of
his plea. Applicant also alleges that the arresting officer in his case was himself arrested and facing
criminal charges at the time of Applicant's plea, but that counsel failed to afford Applicant the
opportunity to challenge the officer's credibility or present his side of the story.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The
trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall first supplement the habeas record with copies of the plea documents,
including any admonishments, waivers and stipulations, and any evidence that was presented in
support of the plea. The trial court shall make findings as to whether Applicant's plea was
knowingly and voluntarily entered. The trial court shall make findings of fact and conclusions of
law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether
counsel's deficient performance prejudiced Applicant. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of
Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: April 17, 2013

Do not publish
1. This Court has reviewed Applicant's other claims and found them to be without merit.